UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Robert D. Maverick,

    Plaintiff,

v.                                          Case No. 10-15087

Paralell The Zone, LLC, *et al.*,          Honorable Sean F. Cox

    Defendants.
_____/

**OPINION
DENYING DEFENDANTS' MOTIONS TO DISMISS AND/OR TRANSFER
AND GRANTING PLAINTIFF'S REQUEST FOR ALTERNATIVE SERVICE AS TO
DEFENDANT BOYD**

Plaintiff was employed as a makeup artist on the set of a film that was made in Southeast Michigan. In this action, he asserts claims against several Defendants, all of which arose during the making of that film. The matter is currently before the Court on several Motions to Dismiss and/or Transfer filed by Defendants and on Plaintiff's motion requesting alternative service as to Defendant Boyd. For the reasons below, the Court shall deny all requests to transfer this action to the Central District of California pursuant to 28 U.S.C. § 1404(a) because this action could not have originally been there because venue would not be proper in that district. As to Defendant Parallel the Zone, LLC's request to dismiss Plaintiff's retaliation claims, the Court shall deny that request because Plaintiff has sufficiently pleaded retaliation claims. Finally, the Court shall allow alternative service as to Defendant Boyd.

BACKGROUND

Plaintiff filed this action on December 22, 2010, asserting claims against the following

1

Defendants: 1) Parallel's the Zone, LLC; 2) Parallel Media, LLC; 3) Raymond Markovich; 4) Brittany Boyd; 5) John Tarro; 6) Warren Zide; 7) B.J. Rack; 8) Ryan Lewis; 9) John Doe I; 10) John Doe II; and 11) John Doe III.  Plaintiff's original complaint asserted the following counts: "Hostile Work Environment Under Title VII" (Count I); "Retaliation under Title VII" (Count II); "Hostile Work Environment Under ELCRA" (Count III); "Retaliation Under ELCRA" (Count IV); "Assault and Battery" (Count V); "Assault and Battery" (Count VI); and "Assault" (Count VII).

Defendants filed the following motions to dismiss, and/or for transfer of venue, following Plaintiff's original complaint:

- "Defendant Parallel Media LLC's Motion to Dismiss Or, Alternatively, For Transfer of Venue" (Docket Entry No. 12);

- "Defendant Parallel's The Zone, LLC's Motion To Dismiss And For Transfer Of Venue" (Docket Entry No. 13);

- Defendant Markovich's Motion to Dismiss and Concurrence with Parallel Media LLC's Motion (Docket Entry No. 15);

- Defendant Tarro's Motion to Dismiss and Concurrence with Parallel the Zone, LLC's Motion (Docket Entry No. 16); and

- Defendant Lewis's Motion to Dismiss and Concurrence with Parallel's the Zone's Motion to Dismiss (Docket Entry No. 20).

In addition, although he has not filed an actual "motion," Defendant Warren Zide, filed a brief stating that he concurs with the brief filed by Parallel the Zone, LLC as to transfer of this action. This Court shall construe that filing as a motion.

After the above motions were filed, on March 14, 2011, Plaintiff filed an Amended Complaint.  (Docket Entry No. 21).  The Amended Complaint names the following Defendants:

1) Parallel's the Zone, LLC; 2) Brittany Boyd; 3) John Tarro; 4) Warren Zide; 5) B.J. Rack; 6) Ryan Lewis; and 7) three John Doe Defendants.

Thus, the Amended Complaint dropped Parallel Media, LLC and Raymond J. Markovich as Defendants.[1] Accordingly, the Motions to Dismiss brought by those two Defendants (Docket Entry No. 12 and 15) are now moot.

The Amended Complaint contains the following counts, and identifies the Defendants against whom each count is asserted: "Hostile Work Environment Under Title VII (As to Defendant Parallel's the Zone, LLC)" (Count I); "Retaliation under Title VI (As to Parallel's the Zone, LLC): (Count II); "Hostile Work Environment Under ELCRA (As to Parallel's the Zone, LLC)" (Count III); "Retaliation Under ELCRA (As to Parallel's the Zone, LLC" (Count IV); "Assault and Battery (As to Brittany Boyd)" (Count V); "Assault and Battery (As to Brittany Boyd)" (Count VI); "Assault (As to Brittany Boyd)" (Count VII); "Negligent Infliction of Emotional Distress (As to Defendants Parallel's the Zone, LLC, B.J. Rack, Warren Zide, Ryan Lewis, John Tarro, and Brittany Boyd)" (Count VIII). All of Plaintiff's claims arose during the making of a film called "Demoted," which was made in Southeast Michigan.

After Plaintiff filed his Amended Complaint, on March 24, 2011, Defendant Parallel the Zone, LLC filed an "Amended Motion to Dismiss Counts II and IV of Plaintiff's Amended Complaint." (Docket Entry No. 28). In this motion, Defendant Parallel the Zone, LLC (hereinafter "PTZ") asserts that it is still pursing that portion of it original motion asking this Court to transfer this action under 28 U.S.C. § 1404(a), but that the other challenges in that

---

[1]At the June 9, 2011 hearing, Plaintiff's counsel confirmed that Plaintiff intended to voluntarily dismiss those two Defendants from this action.

3

motion are being replaced by this amended motion.

Also pending before the Court is Plaintiff's request for alternative service as to Defendant Boyd.

## ANALYSIS

A.  The Court Shall Deny All Requests To Transfer This Action To The Central District Of California Under 28 U.S.C. § 1404(a).

The moving Defendants ask this Court to transfer this action to the Central District of California, under 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division *where it might have been brought*." 28 U.S.C. § 1404(a) (emphasis added).

The threshold question in a decision to transfer an action to another district pursuant to § 1404(a) is whether the case could have originally been brought in the transferee district. In order to meet this threshold requirement, the transferee court must have personal jurisdiction over the parties, proper venue, and subject matter jurisdiction. *Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960); *Bunting v. Gray*, 2 Fed.Appx. 443, 448 (6th Cir. 2001). If this threshold requirement is not met, then § 1404(a) does not authorize a transfer.

Here, the moving Defendants have not met their burden of showing that a transfer is authorized under the statute.

In the briefs, the parties focus on whether or not the Central District of California could exercise personal jurisdiction over all of the Defendants named in this action. It is at best unclear as to whether that court could exercise personal jurisdiction over Defendants Taro and Boyd. The Court need not analyze that issue, however, because it is clear that *venue* would not be

proper in the Central District of California.

Where, as here, federal jurisdiction is not based solely upon diversity of citizenship, venue is proper in: 1) the judicial district where any defendant resides, if all defendants reside in the same state; 2) the judicial district where a substantial part of the events or omissions giving rise to the claim occurred; or 3) the judicial district where any defendant may be found, if there is no other district in which the action may be brought. 28 U.S.C. § 1391(b); *see also Bunting*, 2 Fed.Appx. at 448.

Under § 1391(b), venue would not be proper in the Central District of California. Subsection (b)(1) does not apply because all defendants do not reside in the same state. It appears that Taro resides in Michigan (*see* Docket Entry No. 7) and while it is unclear where Boyd resides, it appears that she resides in either Michigan or Florida. (*See* Docket Entry Nos. 38 & 39). Indeed, the moving Defendants implicitly acknowledge this fact. (*See* Docket Entry No. 12 at 14) ("*[M]any* of the defendants reside" in California.) (Emphasis added).

Subsection (b)(2) does not apply because the events or omissions giving rise to Plaintiff's claims occurred in Michigan.

Finally, subsection (b)(3) only applies "if there is no other district in which the action may be brought." Because this action may be brought in this district, subsection (b)(3) does not apply.

Accordingly, venue would not be proper in the Central District of California. As a result, the threshold requirement of § 1404(a) is not met and the statute does not authorize the transfer of this action. Accordingly, the Court shall deny all requests seeking transfer of this action under § 1404(a).

B.  The Court Shall Deny PTZ's Motion Seeking Dismissal of Counts II And IV Of Plaintiff's Complaint.

Count II of Plaintiff's Amended Complaint asserts a retaliation claim under Title VI and Count IV asserts a retaliation claim under Michigan's Elliott Larsen Civil Rights Act. Those two claims are asserted against Defendant PTZ alone.

In its Amended Motion to Dismiss, Defendant PTZ asserts that those two claims must be dismissed because Plaintiff has failed to allege that it took any adverse action against Plaintiff. In support of its Motion, PTZ asserts that PTZ produced only one film – Demoted – and that Plaintiff remained employed as a make-up artist through the end of filming and was never terminated. PTZ asserts that it has not made any other movies since. (Def. PTZ's Br.). PTZ's motion asserts that:

> [Plaintiff] remained as an independent contractor on Demoted until there was no more work for his specific independent contractor position. This is standard practice in the film industry as all production-related work is temporary in nature and depends upon the day-to-day requirements of production. Plaintiff was thus neither prematurely terminated nor demoted in rank. Furthermore, Plaintiff worked on *Demoted* through October 24, 2008, which was after principal photography had finished. Most production related independent contractors also finished their work at about the same time, if not earlier. PTZ did not and could not have terminated Plaintiff at that time because the filming of the movie simply ended.

(Def.'s Br. at 9-10). Although its Motion to Dismiss is brought under FED. R. CIV. P. 12(b)(6), in support of its assertions, PTZ relies on matters outside of the pleadings -- the Declaration of Raymond Markovich, the President of PTZ.

Although Plaintiff did not respond to Defendant's challenges to his retaliation claims in his briefs, at oral argument counsel stated that Plaintiff opposes Defendant's request for dismissal as to his retaliation claims. Plaintiff's Counsel directed the Court to paragraphs 27 and 28 of

6

Plaintiff's Amended Complaint.

The Court concludes that Plaintiff's Amended Complaint is not subject to dismissal under FED. R. CIV. P. 12(b)(6) because it sufficiently pleads retaliation claims. Counts II and IV of Plaintiff's Amended Complaint allege that PTZ "retaliated against Plaintiff for having complained about Defendant's discriminatory practices." (Am. Compl. at ¶¶ 43 & 58). In addition, the body of the Amended Complaint alleges that "[p]rior to Plaintiff's complaint regarding the sexual harassment and the abusive environment that it created, Defendant [PTZ], through its agents, representatives, and employees, and Plaintiff had agreed that Plaintiff would remain employed for future film projects, but subsequent to the complaints regarding sexual harassment, the employment relationship between the parties was terminated." (Am. Compl. at ¶ 27). Thus, *based on the pleadings*, Plaintiff's Amended Complain states retaliation claims.

C.   The Court Shall Allow Alternative Service As To Defendant Boyd.

On April 14, 2011, Plaintiff filed a Motion to Extend Time for Expiration of Summons (Docket Entry No. 34), requesting that the Court extend the summons as to two Defendants because, despite diligent efforts, Plaintiff has been unable to serve two Defendants. This Court granted that motion in an order issued on April 21, 2011, extending the summons issued to Defendants Rack and Boyd until July 19, 2011. (Docket Entry No. 35).

On May 16, 2011, Plaintiff filed a request for alternative service as to Defendant Boyd (Docket Entry No. 38). Plaintiff's motion details the efforts he has made to serve Defendant Boyd, stating that he attempted service at two addresses for her in Michigan and an address in Florida. Plaintiff states that Defendant Boyd is evading service and requests that the Court enter an order for alternative service by posting and/or publication. Plaintiff later filed an additional

brief in support of his request. (Docket Entry No. 44). This brief contains additional detail as to the various efforts Plaintiff's counsel has taken to find and serve Defendant Boyd.

Under FED R. CIV. P. 4(e), individuals may be served "following state law for serving a summons . . . in the state where the district court is located." Under Michigan law, "[o]n a showing that service of process cannot reasonably be made as provided in this rule, the court may by order permit service of process to be made in any other manner reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard." M.C.R. 2.105(I)(1).

Plaintiff's submissions detail the efforts that Plaintiff's Counsel has taken to locate and serve Defendant Boyd. The Court concludes that Plaintiff has satisfied the requirements of M.C.R. 2.105(I). The Court shall grant Plaintiff's motion for alternative service and direct that service shall be made by publication of this Opinion & Order in the *Detroit Legal News*, as provided in M.C.R. 2.106(D), once each week for 3 consecutive weeks. The Court shall waive the mailing requirement under M.C.R. 2.106(D)(2). However, the Court shall also order, in addition to the publication described above, that Plaintiff mail a copy of this Opinion & Order and a copy of Plaintiff's Amended Complaint, via regular, first-class mail, to Defendant Boyd at the following addresses: 1) 7356 Heather Heath, West Bloomfield, MI 48322; and 2) 223 E. River Park Drive, Jupiter, FL 33477. Plaintiff shall be directed to file an appropriate proof of service with the Court, as set forth in M.C.R. 2.106(G).

The appropriate orders shall issue forthwith.

            S/Sean F. Cox
            Sean F. Cox
            United States District Judge

Dated:  June 13, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 13, 2011, by electronic and/or ordinary mail.

            S/Jennifer Hernandez
            Case Manager